IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY MICHAEL LEWIS, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00662-DAE |
| vs. | § § | |
| DBI SERVICES, HEADQUARTERS IN PENNSYLVANIA; WILL SCHULLER, DBI PROJECT MANAGER; AND UNKNOWN, ASSISTANT PROJECT MANAGER; | § § § § § § | |
| *Defendants.* | § | |

## ORDER TO SHOW CAUSE

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Civil Rights Complaint [#1]. The record reflects that this case was originally filed in the Southern District of Texas and transferred to this district on June 12, 2019 because all Defendants reside in Bexar County, Texas and all events underlying this action occurred in Bexar County, Texas [#10]. Upon transfer, the Court issued an Order to Plaintiff informing him that his IFP application was incomplete and ordering Plaintiff to either supplement his IFP application with a Nueces County Jail institutional trust fund account statement for the past six months or to pay the filing fee [#11]. Plaintiff supplemented his IFP application with the additional requested documentation on July 12, 2019 [#13] and filed a motion for the appointment of counsel [#14]. By separate order, the Court granted the IFP motion and will now deny the motion for appointment of counsel and order Plaintiff to show cause why his claims should not be dismissed pursuant to 28 U.S.C. § 1915(e).

## I. Appointment of Counsel

Courts may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in IFP proceedings. Under § 1915(e)(1), the Court has discretion to appoint an attorney to represent a litigant in federal court, but there is no right to the automatic appointment of counsel in a civil case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Appointment of counsel in a civil case is considered a privilege, not a constitutional right, and should be allowed only in exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In evaluating whether the appointment of counsel is proper under § 1915(e), the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *See Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001). Plaintiff has not demonstrated that exceptional circumstances are present in his case or that, based on the record, appointment of counsel is appropriate under the applicable legal standards under 28 U.S.C. § 1915(e).

## II. More Definite Statement

Upon review of Plaintiff's Complaint, there are certain deficiencies in Plaintiff's allegations that, if not corrected, will result in the dismissal of his case. The Court will therefore direct Plaintiff to show cause why his Complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e).

Section 1915(e) empowers federal courts to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant

who is immune from such relief.[1] *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Complaint sues his former employer, DBI Services ("DBI"), and his former supervisor and project manager, Will Schuller, as well as another unidentified assistant project manager. Plaintiff alleges that DBI is a nationwide company that contracts with state highway departments to do highway repairs, such as the repair of potholes and guardrails. According to Plaintiff, on his first day of employment with DBI, he was required to take a driving test. During the driving test, he discovered that DBI did not require its employees to maintain commercial drivers' licenses and that DBI's commercial vehicles had expired license plates. Plaintiff voiced these concerns to his supervisors and was ultimately terminated. Plaintiff believes he was terminated in retaliation for his report of the safety issues he observed during his driving test. Plaintiff indicates in his Complaint that he is unsure under which law his claims fall but that he believes his civil rights have been violated.

Plaintiff's current allegations do not give rise to a viable cause of action for retaliatory discharge under any federal or state law. For example, the Occupational Safety and Health Act ("OSHA") contains a provision protecting workers from retaliation for reporting various safety violations of an employer. 29 U.S.C. § 660(c). However, OSHA does not provide a private right of action; in other words, a private individual cannot sue for retaliatory discharge. *Washington v. M. Hanna Const. Inc.*, 299 Fed. App'x 399, 401–02 (5th Cir. 2008). Rather, an aggrieved party must, within 30 days of the incident, contact the Secretary of Labor to complain of discriminatory, retaliatory, or harassing conduct. 29 U.S.C. § 660(c)(2) ("Any employee who

---

[1] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination"). If the Secretary finds that discrimination has occurred, then he shall bring an action in federal court. *Id.* ("If . . . the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person").

Similarly, the Surface Transportation Assistance Act ("STAA") provides administrative remedies to whistleblowers who report violations of motor vehicle safety regulations and suffer discrimination or retaliation but does not create a private cause of action. 49 U.S.C. § 31105(b)(1) ("An employee alleging discharge, discipline, or discrimination in violation of [the Act] . . . may file a complaint with the Secretary of Labor not later than 180 days after the alleged violation occurred."); *id.* at § 31105(e) (conferring on the Secretary of Labor the right to bring a civil action to enforce an administrative order remedying any violation under the Act). Because no private right of action exists under either statute, Plaintiff cannot directly sue his former employer under OSHA or the STAA, even if he had complied with either statute's administrative procedures.

Nor do Plaintiff's allegations state a claim of discrimination or retaliation under Title VII. Title VII of the Civil Rights Act of 1964 protects employees from discrimination on the basis of race, color, religion, sex or national origin and from retaliation due to reporting or opposing a violation of Title VII. 42 U.S.C. §§ 2000e-2(a), 2000e-3(a); *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001). Title VII's protections do not extend to protect employees who report violations of safety laws, and Plaintiff has not alleged he was terminated due to any discrimination related to his race, color, religion, sex or national origin or

for complaining about any such discrimination. *See Washington v. M. Hanna Const. Inc.*, 299 Fed. App'x 399, 401 (5th Cir. 2008).

Additionally, Plaintiff notes in his Complaint that he suffers from Attention Deficit/Hyperactivity Disorder ("ADHD"), but this condition is not protected by Title VII. Federal law—more specifically, the Americans with Disabilities Act ("ADA")—does protect employees from discrimination based on their disabilities, and ADHD can qualify as a disability for purposes of an ADA claim. But nowhere in Plaintiff's Complaint does he allege that he believes he was terminated due to his ADHD diagnosis.

Finally, Plaintiff's allegations do not give rise to a cause of action under the Texas Whistleblower Act. This act protects employees of public employers in Texas by making governmental entities liable for damages if they discriminate against an employee who in good faith reports a violation of law to an appropriate law enforcement authority. *See* Tex. Gov't Code Ann. §§ 554.002–.003; *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 67 (Tex. 2000). Plaintiff does not allege he is a public employee, only that he works for a private company that contracts with the Texas Highway Department. Nor does Plaintiff allege that he reported any potential violations of the law to an appropriate law enforcement agent, only that he reported the safety issues to his supervisors.

Moreover, even if Plaintiff could state a claim under the Texas Whistleblower Act, or any other Texas law, this federal Court would not have jurisdiction to entertain this state-law claim without an accompanying federal cause of action. Federal courts may only hear lawsuits alleging violations of state law if the parties are citizens of different states. 28 U.S.C. § 1332. Because Plaintiff and Defendants are all citizens of Texas, this claim would have to be heard in state court.

Accordingly, the Court will order Plaintiff to show cause as to why it should not dismiss his Complaint for failure to state a claim under 28 U.S.C. § 1915(e) by filing a More Definite Statement as detailed below.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel [#14] is **DENIED**.

**IT IS FINALLY ORDERED** that **within 21 days of this Order**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court. In this More Definite Statement, Plaintiff should respond to the following instructions and questions:

(1) If you are attempting to allege a violation of Title VII, please include additional allegations explaining how DBI discriminated against you due to your race, color, religion, sex or national origin.

(2) If you are attempting to allege a violation of the ADA, please include additional allegations explaining how DBI discriminated against you due to a disability, such as ADHD.

Plaintiff shall include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this day of 2019.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement,

he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 17th day of July, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE