IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY MICHAEL LEWIS, # 10124152, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION |
| vs. | § § | NO. SA-19-CA-662-DAE |
| D.B.I. SERVICES, ET AL., | § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is the above-styled cause of action, in which all pretrial matters have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A).

The record reflects that on July 17, 2019, the Court granted Plaintiff's motion to proceed *in forma pauperis* but ordered that Plaintiff file a more definite statement to clarify whether Plaintiff's allegations give rise to a viable cause of action for retaliatory discharge under any federal or state law [#16]. The Court ordered that Plaintiff's Complaint be filed but that service be withheld pending the Court's review of the more definite statement. Plaintiff timely filed a response to the Court's Order on July 29, 2019 [#17].

Plaintiff's more definite statement alleges at least one nonfrivolous claim. Plaintiff's Original Complaint sues his former employer, DBI Services ("DBI"), and his former supervisor and project manager, Will Schuller, as well as another unidentified assistant project manager. Plaintiff alleges that DBI is a nationwide company that contracts with state highway departments to do highway repairs, such as the repair of potholes and guardrails. According to Plaintiff, on his first day of employment with DBI, he was required to take a driving test. During the driving

1

test, he discovered that DBI did not require its employees to maintain commercial drivers' licenses and that DBI's commercial vehicles had expired license plates. Plaintiff voiced these concerns to his supervisors and was ultimately terminated. Plaintiff believes he was terminated in retaliation for his report of the safety issues he observed during his driving test. Plaintiff indicates in his Complaint that he is unsure under which law his claims fall but that he believes his civil rights have been violated.

The Court's Order for a more definite statement explained that these allegations do not give rise to a viable cause of action for retaliatory discharge under any federal or state law, such as the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 660(c), or the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31105(b)(1), both of which do not permit a private right of action. Nor could Plaintiff's allegations be construed as claim of retaliation under Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), as Title VII's protections do not extend to protect employees who report violations of safety laws. *See Washington v. M. Hanna Const. Inc.*, 299 Fed. App'x 399, 401 (5th Cir. 2008).

However, Plaintiff's Original Complaint notes that he suffers from Attention Deficit/Hyperactivity Disorder ("ADHD"), and his more definite statement elaborates on these allegations. Plaintiff claims that another reason for his termination was retaliation for his ADHD diagnosis and mental health history in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Although the Fifth Circuit has not definitively held that ADHD constitutes a disability under the ADA, neither has it held that it does not. Rather, even before the 2008 ADAAA amendments, which broadened the ADA definition of "disabled," courts addressing ADHD and the ADA declined to hold that ADHD should categorically be rejected as a qualifying disability and emphasized that whether an individual has a disability under the ADA

is "an individualized inquiry." *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 483 (1999); *see also Krause v. Merck-Medco Rx Servs. of Tex. LLC*, 198 F.3d 241 (5th Cir. 1999) (holding ADHD impairment did not amount to disability under ADA because plaintiff took medication that corrected the impairment); *Davidson v. Midelfort Clinic, Ktd.*, 133 F.3d 499, 508-09 (7th Cir. 1997) (acknowledging that attention deficit disorder ("ADD") could qualify as an impairment under the ADA, but plaintiff failed to show that her ADD substantially limited a major life activity). *See also Vertrees v. Baylor All Saints Med. Ctr.*, No. 4:06-CV-177-Y, 2007 WL 9718183, at *4 (N.D. Tex. Nov. 7, 2007) (declining to hold that ADHD *per se* does not amount to a disability under the ADA). Accordingly, because Plaintiff could possibly assert a viable claim for retaliation under the ADA based on his ADHD diagnosis and mental-health history, Plaintiff has stated at least one non-frivolous claim in this case. The Court will therefore order that Plaintiff's Complaint be served on the named Defendants in this lawsuit.

**IT IS FURTHER ORDERED** that, if not already accomplished, within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshal Service Form 285, including fully complete addresses, for each Defendant required to be served and the United States Marshal's Service shall serve each Defendant with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

SIGNED this 12th day of August, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE