IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY MICHAEL LEWIS, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00662-DAE |
| vs. | § § | |
| DBI SERVICES, HEADQUARTERS IN PENNSYLVANIA; WILL SCHULLER, DBI PROJECT MANAGER;; | § § § § § | |
| *Defendants.* | § § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [#27]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#28]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the Motion [#27] be **GRANTED**.

## I. Background

Plaintiff, proceeding *pro se*, originally filed his Civil Rights Complaint in the Southern District of Texas, along with a motion to proceed *in forma pauperis* ("IFP") in this action. Plaintiff is currently incarcerated at the Nueces County Jail in Corpus Christi, Texas. His Original Complaint sued DBI Services, Will Schuler, and an unknown Defendant regarding his former employment with DBI Services in San Antonio, Texas. The Southern District transferred Plaintiff's Complaint to the Western District of Texas on June 12, 2019. This Court thereafter

1

granted Plaintiff's motion to proceed IFP but ordered Plaintiff to file a more definite statement regarding his claims. Plaintiff filed his more definite statement as ordered, and the Court ordered service of Plaintiff's Complaint on Defendants, finding that he had asserted at least one non-frivolous claim.

Defendants filed a motion to dismiss on October 4, 2019. Plaintiff failed to respond to the motion by the deadline imposed by this Court's Local Rules, and the District Court ordered Plaintiff to respond to the motion by November 12, 2019 or face dismissal for failure to prosecute. Rather than filing a response as ordered, Plaintiff filed an Amended Complaint [#26]. The Amended Complaint is Plaintiff's live pleading and names only DBI Services and Schuler. Defendants renewed their arguments for dismissal by filing the second motion to dismiss that is now before the Court.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."

*Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

Because Plaintiff is a *pro se* litigant, his pleadings are to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, *pro se* litigants, like all other parties, must follow the Federal Rules of Civil Procedure. *See Chhim*, 836 F.3d at 469 ("We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.").

Defendant's Motion to Dismiss was filed on November 18, 2019, meaning Plaintiff's response to the motion was due on or before December 5, 2019. *See* Loc. R. CV-7(e) (responses to dispositive motions such as a motion to dismiss are due within fourteen days of motion's filing); Fed. R. Civ. P. 6(a), (d) (adding three days to response deadline for service by mail). To date, Plaintiff has not filed a response. Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed. Nevertheless, because this is a dispositive motion, the undersigned will evaluate its merits as well.

## III. Analysis

Plaintiff's Amended Complaint alleges he was "deliberately singled out and discriminated against" due to Defendants' knowledge of his mental state and his medications. (Am. Compl. [#26] at 3–4.) Plaintiff contends these actions violate the Americans with Disabilities Act ("ADA"). Defendants seek dismissal of Plaintiff's Amended Complaint for failure to state a claim. The Court should grant the motion.

### A.  Plaintiff failed to exhaust administrative remedies.

Defendants contend that Plaintiff's Amended Complaint should be dismissed for failure to exhaust administrative remedies. An employee asserting a claim under the ADA must exhaust administrative remedies before commencing an action in federal court against his employer. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996). Failure to exhaust remedies results in dismissal of claims on the merits. *Id.* The ADA incorporates by reference the procedures for exhaustion applicable to claims under Title VII. *Williamson v. Am. Nat. Ins. Co.*, 695 F. Supp. 2d 431, 444–45 (S.D. Tex. 2010). "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Dao*, 96 F.3d at 788–89).

Plaintiff fails to allege he exhausted his administrative remedies under the ADA by filing a charge of discrimination with the EEOC. Plaintiff's Amended Complaint contains a section entitled "Administrative Remedies," in which he states that he exhausted his remedies by calling Human Resources for DBI in Pennsylvania. (Am. Compl. [#26] at 7.) Plaintiff explains that he did not know that he needed to file an administrative complaint as a prerequisite to suit because he was incarcerated and did not have any tools to assist him in doing so. Although this Court does give leeway to *pro se* plaintiffs, this consideration "is not enough to outweigh the major

underlying purpose of the exhaustion requirements, which is to ensure that employers have notice of claims of discrimination." *Harris v. Honda*, 213 Fed. App'x 258, 262 (5th Cir. 2006). A call to the Human Resources cannot substitute for a formal EEOC charge. *See id.* (affirming district court's holding that an intake questionnaire submitted to the Texas Commission on Human Rights could not substitute as a formal charge for purposes of exhaustion). Plaintiff's ADA claims should be dismissed for failure to exhaust administrative remedies.

**B.      The ADA does not provide for individual supervisory liability.**

Plaintiff's Amended Complaint sues Will Schuller, individually, for violating the ADA. Defendants contend the Court should dismiss Plaintiff's ADA claims asserted against Schuller or any other individual Defendant because the ADA does not impose individual liability. Several Circuits that have addressed this issue have concluded that the ADA's text and structure support Defendants' position. *See, e.g.*, *Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 51 (1st Cir. 2011); *Albra v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007); *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037–38 (9th Cir. 2006); *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999); *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995). Although the Fifth Circuit has not expressly held that a plaintiff cannot sue individuals under the ADA, the Court should follow these Circuit courts as well as the district courts in the Fifth Circuit that have held that an employee cannot be liable in his individual capacity under the employment provisions of the ADA. *See, e.g.*, *Rojas v. City of Grand Prairie*, No. 3:18-CV-1776-K, 2019 WL 1115052, at *6 (N.D. Tex. Mar. 11, 2019); *Market v. Extended Stay Am.*, Civ. Action No. 3:15-CV-4065-G, 2016 WL 2914994, at *4 (N.D. Tex. May 19, 2016). The Court should therefore grant Defendants' motion to dismiss and dismiss Plaintiff's claims against Schuller or any other individual Defendant.

**C. Plaintiff has not stated a claim for retaliatory discharge based on safety concerns.**

Plaintiff's prior pleadings alleged that he reported safety concerns to management and was later subjected to retaliation. These allegations are not included in Plaintiff's Amended Complaint, but insofar as he continues to maintain such assertions, Defendants ask the Court to dismiss these claims. The undersigned agrees with Defendants that these claims must be dismissed. As stated in the undersigned's Order for a More Definite Statement [#16], neither the Occupational Health and Safety Act ("OSHA"), 29 U.S.C. § 660(c), nor the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31105(b)(1), both of which contain provisions protecting workers from retaliation for reporting safety violations, authorize private individuals to file suit for violation of their statutes. *See Washington v. M. Hanna Const. Inc.*, 299 Fed. App'x 399, 401–02 (5th Cir. 2008) (private individual cannot sue for retaliatory discharge under OSHA); 49 U.S.C. § 31105(e) (conferring on the Secretary of Labor the right to bring a civil action to enforce an administrative order remedying any violation under the STAA). Because no private right of action exists under either statute, Plaintiff cannot directly sue his former employer under OSHA or the STAA, and these claims must be dismissed.

### IV. Conclusion and Recommendation

Having considered Plaintiff's pleadings in light of the arguments raised in Defendants' motion and Plaintiff's failure to respond, the undersigned recommends that Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [#27] be **GRANTED** and Plaintiff's Amended Complaint be dismissed for failure to state a claim upon which relief can be granted.

## V. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 15th day of January, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE